

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN                            AUSTIN 11, TEXAS
XXYXXXXXXXXXXXXR
ATTORNEY GENERAL

Honorable George H. Sheppard                    Affirmed by \_ - |'5 L,']
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                      Opinion No. O-4188
                               Re: Taxability of the business of makin;
                                   core analysis and various fluid tes
                                   in oil and gas wells under the oil ·
                                   servicing tax statute.

          This is in reply to your request for our opinion as to
taxability under Section I of Article 16, H.B. No. 8, Acts of the 47t:
Legislature, of certain oil well services performed by Core Laborator:
Inc.

          The particular services about which you inquire are
described by you as follows:

          "A part of said services consists of the
     work of the company in analyzing cores taken from
     oil wells.  Core Laboratories, Inc., does not take
     the cores from the wells, but the cores are delivered
     to it.  As the core is removed from the well by the
     operator or contractor engaged in drilling the well,
     the core is delivered to Core Laboratories, Inc.  An
     analysis of the substances thereof is made by Core
     Laboratories in its laboratories, which analysis is
     furnished to the client.  Core Laboratories, Inc.,
     in connection with this work does not make any survey
     or test in any oil or gas well.

                         "II.

          "A portion of the services relates to the
     analysis of bottom-hole fluids, and in this service
     Core Laboratories, Inc., lowers its container into
     the well and obtains a sample of the fluids and gases
     from the bottom of the well, which sample does not con-
     tain sand or earth.  The sample contained in the con-
     tainer is taken to Core Laboratories' Dallas Laboratory
     and analyzed.  The analysis determines the properties
     of the gas and fluid content.  It does not survey, test
     or analyze the sand or formation of the earth in any
     oil or gas well.

                         "III

          "A portion of the services consists in the
     taking by this company of a bottom-hole pressure test.

By means of a gauge lowered into the well, the pressure of the fluid at the bottom of the well is determined. The pressure is likewise tested at other points in the well in order to correlate the bottom-hole pressure test above described. The only purpose of this test is to determine by the pressure gauge the pressure exerted at the bottom of the well by the column of fluid in the well.

"IV.

"A portion of the services relates to a test made by Core Laboratories, Inc., by means of placing an instrument in the bottom of the hole of the wall to record decreases in the pressure at the bottom of the well occasioned by the flow of oil. The amount of oil which is produced during this interval is measured and its ratio to the decline in the bottom-hole pressure is known as the productivity index of the well. No test or survey of sands or formation of the earth in any oil or gas well is made in this test."

It is our opinion that all four of the services outlined above come within the intended scope of the Act. We quote from Subsection (b) of Section 1 of Article 16, House Bill No. 8, and underline that portion thereof which we believe covers the described services.

"(b) Every person in this State engaged in the business of furnishing any service or performing any duty for others for a consideration or compensation, with the use of any device, tools, instruments or equipment, electrical, mechanical, or otherwise, or by means of any chemical, electrical, or mechanical process when such service is performed in connection with the cementing of the casing seat of any oil or gas well or the shooting or acidizing the formation of such wells or the surveying or testing of the sands or other formations of the earth in any such oil or gas wells."

Although Core Laboratories, Inc., may not itself "take the cores from the wells" it can hardly be denied that it is "furnishing . . . service . . . for others for a consideration . . . by means of . . . . . chemical, electrical or mechanical process . . . in connection with the surveying or testing of sands or other formations of the earth . . . ...." The analysis of samples is one of the recognized methods of testing the formations in oil or gas wells. Surely it cannot be contended that the statute was intended to apply only when the analysis is actually made in the well, or where the same person or firm both extracts the core and analyzes the same.

The services described in paragraphs II, III and IV all relate to tests of the properties of fluids and gas in wells as distinguish from tests of solid materials found in the wells. The statute expressly enumerates "the surveying or testing of the sands or other formations of the

earth in any such oil or gas wells." We believe that this language is intended to embrace not only the solid material actually composing the sand, but the gas, oil or water with which the sand may be saturated or other formations permeated. It is to be remembered that the purpose of drilling oil and gas wells is to produce oil or gas. It would be strange indeed if a statute, patently designed to tax technical services customari rendered by persons other than the driller in connection with the efficient completion and operation of oil and gas wells, were construed so as to tax the testing of non-productive formations through which the drill must necessarily pass, and exempt the testing of the properties of the very product, i.e., gas and oil, which is sought to be produced. We therefore are of the opinion that analysis of bottom-hole fluids, the testing of pressures at various points in the well and ascertainment of the productivity index of the well are all services which come within the intended scope of the statute under consideration.

                                        Yours very truly

                                        ATTORNEY GENERAL OF TEXAS

                                        By s/Walter R. Koch
                                            Walter R. Koch
                                            Assistant

WRK:LM:wc


APPROVED JAN 31, 1942
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL


Approved Opinion Committee by s/ C.C.R. Chairman